LUJAN AGUIGUI & PEREZ LLP
Attorneys at Law
Pacific News Building, Suite 300
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone (671) 477-8064/5
Facsimile (671) 477-5297

*Attorneys for Defendant Michael Merrell*

FILED
DISTRICT COURT OF GUAM
JAN 23 2007
MARY L.M. MORAN
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT

# FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL MERRELL,<br><br>Defendant. | Criminal Case No. 06-00052<br><br>**JUSTIFICATION TO CONTINUE TRIAL** |

Counsel for the Defendant provides the following justification to continue the trial currently set for January 23, 2007, at 9:30 a.m.:

1. Defendant intends to enter a plea and has actually signed a plea agreement offered by the Government, pleading guilty to an information charging him with Reckless Driving. A facsimile copy of the plea agreement signed by Defendant is attached hereto. Defense counsel has not yet received through the mail the original signed plea agreement, and therefore Defendant will be resending an original signed plea to counsel.

2. Counsel believes the requested continuance is necessary in order for counsel to receive through the mail the original signed plea agreement from Defendant and to submit said plea to the Court.

3. Defendant has waived his right to speedy trial, in order to allow the original signed plea agreement to be received by counsel in Guam and filed with the Court.

4. Continuing the trial is requested in the interests of justice.

5. The Government will not be prejudiced by a continuance of trial as it is aware that Defendant has signed the plea agreement, as a facsimile copy of the plea signed by Defendant was previously submitted to the Government.

For the foregoing reasons, Defendant requests a continuance of trial for at least two weeks.

**RESPECTFULLY SUBMITTED** this 23rd day of January, 2007.

**LUJAN AGUIGUI & PEREZ LLP**

By: _____
**DELIA LUJAN, ESQ.**
*Attorneys for Defendant Michael Merrell*

1  michaelmerrellple2

2  LEONARDO M. RAPADAS
   United States Attorney
3  RYAN M. ANDERSON
   Special Assistant U.S. Attorney
4  Suite 500, Sirena Plaza
   108 Hernan Cortez Ave.
5  Hagåtña, Guam 96910
   TEL: (671) 472-7332
6  FAX: (671) 472-7334

7  Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | MAGISTRATE CASE NO. |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **PLEA AGREEMENT** |
| ) | |
| MICHAEL MERRELL, ) | |
| ) | |
| Defendant. ) | |

Pursuant to Rule 11(c)(1)(B), the United States and the defendant, MICHAEL MERRELL, enter into the following plea agreement:

1. The defendant, MICHAEL MERRELL, agrees to enter a guilty plea to an Information charging him with Reckless Driving, in violation of Title 16, Guam Code Annotated, Section 9107, as assimilated by Title 18, United States Code, Sections 7(3) and 13.

2. The defendant understands that the <u>maximum</u> sentence for Reckless Driving, in violation of 16 G.C.A. § 9107, as a petty misdemeanor as specified in 9 G.C.A. § 80.34, is sixty (60) days imprisonment and a fine or restitution not exceeding five hundred dollars ($500) as set

1

forth in 9 G.C.A. § 80.50. The defendant also understands that he will be subject to a ten dollar ($10) special assessment fee, as set forth in 18 U.S.C. § 3013,. Following the sentencing on the Reckless Driving offense, the United States will dismiss the Information in Criminal Case No. 06-00052.

3. If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

4. The defendant understands that to establish the violation of Reckless Driving, in violation Title 16, Guam Code Annotated, Section 9107, as assimilated by Title 18, United States Code, Sections 7(3) and 13, the United States must prove each of the following elements beyond a reasonable doubt:

 a. <u>First</u>, that the defendant drove his vehicle upon a highway;

 b. <u>Second</u>, that his driving was in willful or wanton disregard for the safety of persons or property; and

 c. <u>Third</u>, that the offense occurred on land acquired for the use of the United States and under the exclusive or concurrent jurisdiction thereof.

5. The government and the defendant stipulate to the following facts for purposes of the sentencing:

 a. The defendant was born in 1956 and is a citizen of the United States; and

 b. That on or about September 22, 2006, in the District of Guam, the defendant, MICHAEL MERRELL, at U.S. Naval Base Guam, on land acquired for the use of the United States and under the exclusive jurisdiction thereof, did drive his motor vehicle upon a highway in willful or wanton disregard for the safety of persons or property thereon. That while the defendant, MICHAEL MERRELL, was driving his motor vehicle, he was under the influence of

2

an alcoholic beverage. That while the defendant, MICHAEL MERRELL, was driving his motor vehicle, he drove thru a chain link fence positioned at a military check point.

6. The defendant agrees to pay restitution in the amount of $500.00 to the United States Treasury for the damage he caused to the chain link fence.

7. The United States and the defendant agree to recommend the following sentence:

    a. That the defendant participate in, and successfully complete an alcohol or drug education program, or both of these programs as designated by the court;

    b. That the defendant be referred to a qualified substance abuse counselor for an assessment of the person's alcohol dependence and need for treatment;

    c. That the counselor submit a report with recommendations to the court, which may require the person to obtain appropriate treatment;

    d. That all costs for such assessment or treatment or both be borne by the defendant;

    e. That the defendant be placed on 60 (sixty) days supervised probation during which, at a minimum, the following conditions of probation be imposed:

        (1) Defendant shall not commit another Federal, State, or local crime during the term of probation;

        (2) Defendant shall refrain from drinking alcohol during the probationary period and shall submit to alcohol testing as directed by his Probation Officer;

    f. That failure of the defendant to follow all of his conditions of probation will result in a hearing to revoke probation at which time the court may impose the maximum penalty allowable under the statute charged.

8. The parties understand and agree that it is the Court's duty to impose sentence upon the defendant, and that any sentence either stipulated to or recommended herein is not binding on the court.

9. The defendant agrees to waive any right to appeal or to collaterally attack this conviction. The defendant reserves the right to appeal the sentence actually imposed in this case.

3

10. The defendant acknowledges that he has been advised of his rights as set forth below prior to entering into his plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

    a. The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

    b. His right to be represented by an attorney;

    c. His right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself, that is, the right not to testify;

    d. That if he pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, he waives, that is, gives up, the right to a trial;

    e. That, upon entry of a plea of guilty, or thereafter, the Court may ask him questions about the offenses to which he has pled, under oath, and that if he answers these questions under oath, on the record, his answers may later be used against his in prosecution for perjury or false statement if an answer is untrue;

    f. That he agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from the plea agreement;

    g. That he reads, writes and speaks the English language and has no need for an interpreter;

    h. That he has read the plea agreement and understands it; and

//
//
//
//
//
//

4

1  i. The Defendant is satisfied with the representation of his lawyer and feels that his
2  lawyer has done everything possible for his defense.

3
4
_____    _____
5  DATE                          MICHAEL MERRELL
                                 Defendant
6
7  1/8/07
_____    _____
8  DATE                          DELIA LUJAN
                                 Attorney for Defendant
9
                                 LEONARDO M. RAPADAS
                                 United States Attorney
10                               Districts of Guam and NMI
11
12                          By:
_____    _____
13 DATE                          RYAN M. ANDERSON
                                 Special Assistant U.S. Attorney
14
15
_____    _____
16 DATE                          JEFFREY J. STRAND
                                 First Assistant U.S. Attorney

28                                      5

FROM : Merrell			FAX NO. : 1 405 685 5990			Jan. 05 2007 10:42PM P1

i. The Defendant is satisfied with the representation of his lawyer and feels that his lawyer has done everything possible for his defense.

_____ 01/05/07
DATE            MICHAEL MERRELL
                Defendant


_____
DATE            DELIA LUJAN
                Attorney for Defendant

                LEONARDO M. RAPADAS
                United States Attorney
                Districts of Guam and NMI

                By:

_____
DATE            RYAN M. ANDERSON
                Special Assistant U.S. Attorney


_____
DATE            JEFFREY J. STRAND
                First Assistant U.S. Attorney

5

Case 1:06-cr-00052   Document 15   Filed 01/23/2007   Page 8 of 8